# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-01915-RLW |
| ) | |
| CO1, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Joseph Michael Devon Engel for leave to commence this civil action without prepayment of the required filing fee.[1] Based on the financial information provided by plaintiff, the motion will be granted, and the Court will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

---

[1] Plaintiff has not submitted a separate motion for leave to proceed in forma pauperis, nor has he paid the filing fee. However, in the body of his complaint, plaintiff states: "Application to proceed in District Court without prepaying fees or cost[s]." (Docket No. 1 at 1). The Court has construed this as a motion for leave to commence this civil action without prepayment of the required filing fee.

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2), claiming that he is unable to obtain a copy. (Docket No. 1 at 1). Nevertheless, having reviewed the information provided by plaintiff, the Court will require him to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the Court with a copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri. At the time relevant to this complaint, however, he was an inmate at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre.[2] Since September 9, 2020, he has filed over 130 cases in the United States District Court for the Eastern District of Missouri.

---

[2] In his handwritten complaint, plaintiff appears to indicate that he is a "civilly committed detainee." (Docket No. 1 at 1). However, plaintiff has also provided his prison registration number, and has acknowledged that he is being held at a state correctional facility. Moreover, review of the Missouri Department of Correction's online records show that plaintiff is a convicted state prisoner serving a ten-year sentence for, among other things, second-degree burglary. Therefore, the Court has determined that plaintiff is actually a convicted and sentenced state prisoner, and not a civilly committed detainee, for purposes of 28 U.S.C. § 1915 review.

Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983, naming thirty-three separate defendants, identified only by job title or institution: (1) CO1; (2) CO2; (3) Sergeant; (4) Lieutenant; (5) Captains; (6) Corporals; (7) Majors; (8) Corrections Classification Assistant; (9) Functional Unit Manager; (10) Caseworker #1; (11) Caseworker #2; (12) Institutional Parole Officer, ERDCC; (13) Institutional Parole Officer Supervisor; (14) Probation and Parole; (15) Probation and Parole Director; (16) Probation and Parole Assistant Director; (17) Religious Services, ERDCC; (18) Chaplain; (19) Religious Services Director; (20) Religious Services Assistant Director; (21) Assistant Superintendent; (22) Superintendent; (23) Missouri Department of Corrections; (24) ERDCC; (25) Assistant Warden; (26) Warden; (27) Assistant Attorney General; (28) Attorney General; (29) Lieutenant Governor; (30) Governor; (31) Senator MO #1; (32) Senator MO #2; and (33) House Rep MO. (Docket No. 1 at 2). Defendants are sued in both their official and individual capacities. (Docket No. 1 at 1).

With regard to his claim, plaintiff states that he is a member of the "Astru/Odinism/Catholicism/[Paganism]" religion, and that since August 13, 2020, he has been asking about his religious materials and religious diet. (Docket No. 1 at 2). However, he has received no response except for "a flat out no." Because of this, plaintiff believes that his religious beliefs do not matter. Finally, he states that he is a sovereign citizen.

As a result of the unanswered requests regarding his religious materials and diet, plaintiff asserts that his First Amendment right to freedom of religion has been violated. (Docket No. 1 at 1). Consequently, he is seeking hundreds of trillions of dollars in damages, as well as shares of stock in various corporations and commodities. (Docket No. 1 at 2).

### Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, accusing thirty-three separate defendants of violating his First Amendment right to religious freedom. Because plaintiff is proceeding in forma pauperis, the Court reviewed his complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

#### A. ERDCC and the Missouri Department of Corrections

Plaintiff has named both the Missouri Department of Corrections and the ERDCC as defendants. The Missouri Department of Corrections is a department of the State of Missouri, while the ERDCC is a state correctional facility. Thus, the claims against these defendants are treated the same as claims against the State of Missouri itself. The claims fail for two reasons. First, the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983. Second, the State of Missouri is protected by the doctrine of sovereign immunity.

##### i.   State is Not a 42 U.S.C. § 1983 "Person"

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (asserting that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983").

Here, as noted above, plaintiff has sued both the Missouri Department of Corrections and the ERDCC. These claims are treated as being made against the State of Missouri. However, a state is not a "person" for purposes of a 42 U.S.C. § 1983 claim for money damages, which is what plaintiff is seeking. Because plaintiff is missing an essential element of a § 1983 action, the claims against the Missouri Department of Corrections and the ERDCC must be dismissed.

      **ii.**      **Sovereign Immunity**

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (explaining that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such

immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception does not apply, because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable, because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

In this case, plaintiff has named the Missouri Department of Corrections and the ERDCC as defendants. As noted above, however, the Eleventh Amendment bars suit against a state or its agencies for both monetary and injunctive relief. Furthermore, no exceptions to sovereign immunity are present in this case. Therefore, for this reason as well, plaintiff's claims against the Missouri Department of Corrections and the ERDCC must be dismissed.

**B. Religious Services, ERDCC**

Plaintiff has sued a defendant identified as "Religious Services, ERDCC," which seems to be a department or unit within the prison. As explained above, plaintiff's claim against the ERDCC must be dismissed because the ERDCC is not a 42 U.S.C. § 1983 "person," and because the claim

is barred by sovereign immunity pursuant to the Eleventh Amendment. Likewise, plaintiff's claim against Religious Services, ERDCC must also be dismissed.

### C. Missouri Board of Probation and Parole

Plaintiff appears to be suing the Missouri Board of Probation and Parole, which he refers to as "P&P." He has not, however, presented any factual allegations against the Board. Furthermore, even if he had, the members of the Board "are absolutely immune from suit when considering and deciding parole questions." *See Figg v. Russell*, 433 F.3d 593, 598 (8th Cir. 2006). Therefore, this claim must be dismissed.

### D. State of Missouri Employees

Plaintiff has named a total of twenty-six individuals who are employed by the State of Missouri. This number includes twenty persons who appear to work at the ERDCC; the Director and Assistant Director of Probation and Parole; and the Missouri Governor, Lieutenant Governor, Attorney General, and Assistant Attorney General. These defendants are sued in both their official and individual capacities.

#### i. Official Capacity Claims

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and

*Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As such, the official capacity claims against the State of Missouri employees are treated as claims against the State of Missouri itself, which employs them.

The official capacity claims against the State of Missouri employees fail for two reasons. First, as noted above, plaintiff cannot bring a claim for damages against the State of Missouri under 42 U.S.C. § 1983, because the state is not a § 1983 "person." *See Will*, 491 U.S. at 71 (asserting that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). Since plaintiff is seeking damages, rather than prospective injunctive relief, sovereign immunity bars his claims. For these reasons, plaintiff's official capacity claims against the State of Missouri employees must be dismissed.

    **ii.**    **Individual Capacity Claims**

Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged

deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has made no effort to connect each of the individual defendants he has identified with any action violating his constitutional rights. To the contrary, there are no allegations against the specific defendants whatsoever. Rather, each defendant is merely listed in the complaint, alongside an enormous sum of damages. For example, plaintiff seeks $85 trillion from "CO1," without presenting a single fact as to what CO1 did or did not do to harm him. This holds true for all the rest of the State of Missouri defendants as well. None of them are alleged to have taken any inappropriate action, and none of them are alleged to have failed to act.

The only place in the complaint where these individuals appear is where they are named as defendants. Simply naming a person as a defendant is not sufficient to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were identified as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations). For these reasons, the individual capacity claims against the State of Missouri employees must be dismissed.

### E. United States Elected Officials

Plaintiff has listed an unnamed member of the House of Representatives, and two Senators as defendants. The Court has construed these claims as being made against United States elected officials. These three defendants are sued in both their official and individual capacities.

10

i.     **Official Capacity Claims**

A suit against a governmental officer in his official capacity is a suit against the entity for which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). A U.S. Senator or a Member of the House of Representatives is an agent of the United States. *See Burke v. Allard*, 2007 WL 2697598, at *3 (D. Colo. 2007) (explaining that "defendant, a member of the United States Senate, is an agent of the United States"). As such, plaintiff's official capacity claims against these defendants are actually claims against the United States itself.

"Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity…it is well established that waivers are not implied").

Here, plaintiff has not demonstrated a waiver of the sovereign immunity of the United States. He brings this action pursuant to 42 U.S.C. § 1983. However, § 1983 does not waive the United States' sovereign immunity. *See Walker v. Harmon*, 2016 WL 5376185, at *3 (D. S.D. 2016) (citing *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999)). Aside from § 1983, plaintiff provides no other basis for such a waiver. Therefore,

plaintiff's official capacity claims against the unnamed Member of the House of Representatives and the two Senators must be dismissed.

### ii. Individual Capacity Claims

As noted above, 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga*, 442 F.3d at 1132. Here, plaintiff has made no attempt to demonstrate any linkage between an action or inaction on the part of one of these three defendants, and the purported violation of his rights under the First Amendment. Not only has plaintiff failed to present any factual allegations, it is difficult to imagine what personal responsibility a member of the House of Representatives and two Senators could have with regard to plaintiff's religious materials and religious diet while incarcerated. Therefore, the individual capacity claims against these three defendants must be dismissed.

### F. First Amendment Free Exercise Claim

Even leaving aside plaintiff's failure to demonstrate the personal responsibility of any of the defendants for harming him, plaintiff has not stated a free exercise claim. The First Amendment to the United States Constitution provides, in relevant part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof..." U.S. Const. amend I. Pursuant to the Free Exercise Clause, an individual has the right to believe and profess whatever religious doctrine he or she desires. *In re Kemp*, 894 F.3d 900, 907 (8th Cir. 2018). Moreover, the government may not compel religious belief, punish the expression of religious doctrines, impose special disabilities based on religious views or religious status, or lend its power to a particular side in controversies over religious authority or dogma. *Id.*

Under the Free Exercise Clause of the First Amendment, a plaintiff must first raise a question of fact regarding whether the prison has placed a substantial burden on his ability to

12

practice his religion. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). *See also Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997) (stating that "[a]s an initial matter, a person claiming that a governmental policy or action violates his right to exercise his religion freely must establish that the action substantially burdens his sincerely held religious belief"). "To constitute a substantial burden, the government policy or actions must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." *Murphy v. Missouri Dep't of Corrs.*, 372 F.3d 979, 988 (8th Cir. 2004).

Here, plaintiff claims to be part of a religion he identifies as "Astru/Odinism/Catholicism/[Paganism]," and asserts that he has been "asking about [his] religious [materials] and diet," but has received "no response at all but a flat out no." There are no further factual allegations. This is inadequate, without more, to state a claim. Specifically, there are no facts indicating the content of this religious material or diet, much less that a denial inhibits expression manifesting some central tenet of his religious beliefs, or that he has been meaningfully curtailed in expressing adherence to his faith, or that he has been denied reasonable opportunities to engage in the fundamental activities of his religion. Plaintiff's allegations amount to an unsupported conclusion, which the Court is not required to accept as true. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").

### G. Motion to Appoint Counsel

In the body of his complaint, plaintiff moves for the appointment of counsel. (Docket No. 1 at 1). The motion will be denied as moot as this action is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of April, 2021.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE